UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARTHUR V. CERVANTES,

               Plaintiff,

      v.

CHAD DICKERSON, et al.,

               Defendants.

Case No.  15-cv-3825-PJH

**ORDER GRANTING MOTION TO REMAND**

Plaintiff's motion to remand the above-entitled action and defendants' motion to transfer the case for the convenience of parties and witnesses came on for hearing before this court on September 30, 2015.  Plaintiff appeared by his counsel Thomas McKenna, and defendants appeared by their counsel Judson Lobdell, Jim Kreissman, and Stephen Blake.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to remand and denies the motion to transfer as moot.

Plaintiff Arthur V. Cervantes filed this proposed class action in the Superior Court of California, County of San Mateo, on July 21, 2015, alleging claims under the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq. ("Securities Act" or "1933 Act").  Named as defendants are Etsy, Inc. ("Etsy"); Chad Dickerson, Etsy's Chief Executive Officer and Chairman of the Board; Kristina Salen, Etsy's Chief Financial Officer; James W. Breyer, M. Michele Burns, Jonathan D. Klein, and Fred Wilson, all of whom are directors of Etsy; and Goldman, Sachs & Co., Morgan Stanley & Co., Allen & Company LLC, Loop Capital Markets LLC, and The Williams Capital Group L.P., all of which served as underwriters to

1    Etsy in connection with its initial public offering ("IPO").

2        Defendants removed the case on August 20, 2015, alleging jurisdiction under

3    § 22(a) of the Securities Act, 15 U.S.C. § 77v(a).  Also on August 20, 2015, defendants

4    filed a motion pursuant to 28 U.S.C. § 1404(a) seeking transfer of venue to the Eastern

5    District of New York.  On August 26, 2015, plaintiff filed a motion to remand, asserting

6    that this court lacks subject matter jurisdiction, and that the removal was therefore

7    improper.

8        Plaintiff argues that the court should adjudicate the motion to remand first, while

9    defendants contend that the court should adjudicate the motion to transfer first.  Although

10    a decision regarding whether to transfer a case or dismiss for forum non conveniens is

11    not a decision on the merits, see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549

12    U.S. 422, 435 (2007), the court finds that the better practice generally is to rule on a

13    motion to remand first, where the motion raises questions involving subject matter

14    jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)

15    ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function

16    remaining to the court is that of announcing the fact and dismissing the cause.") (citations

17    and quotations omitted); see also Leroy v. Great Western United Corp., 443 U.S. 173,

18    180 (1979) (issues affecting court's subject matter jurisdiction are ordinarily decided

19    before the court determines questions of personal jurisdiction or venue).

20    **DISCUSSION**

21    A.    Legal Standard

22        Federal courts are courts of limited jurisdiction, having subject matter jurisdiction

23    only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v.

24    Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also 28 U.S.C. § 1331

25    (district courts have original jurisdiction over "all civil actions arising under the

26    Constitution, laws, or treaties of the United States").

27        "Except as otherwise expressly provided by an Act of Congress, any civil action

28    brought in a State court of which the district courts of the United States have original

United States District Court
Northern District of California

2

1   jurisdiction, may be removed by the defendant or defendants, to the district court of the

2   United States for the district and division embracing the place where such action is

3   pending." 28 U.S.C. § 1441. A removed action must be remanded to state court if the

4   federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

5   There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc.,

6   980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are resolved in favor of

7   remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d

8   1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of

9   removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115,

10   1117 (9th Cir. 2004). But "a plaintiff seeking remand [on the basis of an express

11   exception to removal jurisdiction] has the burden to prove that an express exception to

12   removal exists." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034

13   (9th Cir. 2008).

14   B.   The Securities Act Of 1933 and SLUSA

15   The dispute at the center of this motion – whether removal was proper – arises

16   from the amendments to the Securities Act effected through the 1998 enactment of the

17   Securities Litigation Uniform Standards Act ("SLUSA"). This issue has generated a split

18   among district courts, with a growing majority ruling in favor of the position argued by the

19   plaintiff herein.

20   Congress enacted SLUSA because it had discovered that plaintiffs were evading

21   the reforms of the Private Securities Litigation Reform Act of 1995, 109 Stat. 737, by

22   bringing securities class actions under state law, often in state court. See Kircher v.

23   Putnam Funds Tr., 547 U.S. 633, 636 (2006). SLUSA sought to "prevent state laws from

24   being used to frustrate the operation and goals of the [PSLRA]." S. Rep. No. 105-192 at

25   2 (1998).

26   SLUSA amended, in relevant part, the jurisdictional and antiremoval provisions of

27   the Securities Act, which, before SLUSA, would have barred removal of this case. Before

28   1998, the jurisdictional provision of the Securities Act granted concurrent jurisdiction over

United States District Court
Northern District of California

Securities Act claims to both state and federal courts.  It provided that  "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter."  15 U.S.C. § 77v(a) (1997).  The antiremoval provision stated, "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  Id.

SLUSA amended § 77v(a) by adding the following italicized language:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (italics added).

Section 77p defines "covered class action" as meaning "any single lawsuit in which . . .  damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated."  15 U.S.C. § 77p(f)(2)(A)(i).  Section 77p(c), which was also added by SLUSA, is titled "Removal of covered class actions," and states, "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."  15 U.S.C. § 77p(c).

Section 77p(b) (another SLUSA addition), in turn, is titled "Class action limitations" and describes certain class actions that are now completely precluded under the Securities Act:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –

4

> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

C.    Plaintiff's Motion

In the notice of removal, defendants assert that this case is "within the original jurisdiction of this [c]ourt under 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a) because it includes claims arising under the laws of the United States" – specifically, claims "arising under Sections 11 and 15 of the Securities Act of 1933." Notice of Removal ¶ 9. Courts are divided, however, as to whether Congress intended by enacting SLUSA to eliminate states' concurrent jurisdiction over 1933 Act claims entirely, or whether its goal was simply to eliminate certain securities class actions brought under state law.

In the present motion, the parties dispute whether the SLUSA provisions cited above, taken together, constitute an "express" exception to removal jurisdiction, with the effect of prohibiting the removal of securities fraud class actions like the present one that bring claims only under the federal Securities Act and not under state law.

Plaintiff makes three main arguments – that the plain language of the 1933 Securities Act prohibits removal of state court actions alleging only federal claims under the 1933 Act; that SLUSA's legislative history shows that Congress intended to make only state law claims removable, not stand-alone 1933 Act claims; and that the action should be remanded because defendants concede there is doubt about the propriety of the removal, and removal statutes are strictly construed against removal with any doubt resolved against removability.

In the first main argument, plaintiff asserts that removal was improper because this case does not fit within the § 77p(c) exception to the Securities Act's antiremoval provision. Plaintiff asserts that the § 77p(c) exception applies only to "covered class action[s] . . . as set forth in subsection (b)" (citing Kircher, 547 U.S. at 642-43), and that

5

§ 77p(b), in turn, applies only to "class action[s] based upon the statutory or common law of any State."  Thus, plaintiff asserts, because he brings only Securities Act claims, not state law claims, removal of the action is barred by the antiremoval provision in § 77v(a).

In opposition, defendants contend that the "except as provided" clause in § 77v(a) stripped state courts of jurisdiction over "covered class actions" such as this one arising under the Securities Act.  They also argue that the antiremoval clause of § 77v(a) does not apply because that statute bars removal of an action originally brought in a "State court of competent jurisdiction," which they claim refers to a state court with subject matter jurisdiction.  They assert that SLUSA stripped state courts of subject matter jurisdiction in this area, and that the San Mateo Superior Court is therefore not a "State court of competent jurisdiction" for this action to have been filed there in the first place.

Defendants contend that plaintiff's interpretation would render SLUSA's amendment to § 77v(a)'s jurisdictional provision meaningless.  They argue that § 77v(a) addresses jurisdiction and removability of claims under the Securities Act, not state-law claims, and that if Congress had wanted to limit removal jurisdiction only to claims based on state law, no amendments to § 77v(a) would have been necessary.  They argue that because § 77v(a) deals only with Securities Act claims – not state law claims – § 77p(b) and § 77p(c) are irrelevant to this analysis because they address only state law claims.

Taken together, the statutory provisions at issue here – § 77v(a) (the jurisdictional provision), § 77p(c) (the removal provision) and § 77p(b) (the preclusion provision) – cannot be described as a model of clarity, but the court finds plaintiff's interpretation to be more persuasive.  In plaintiff's view, § 77p(c) (the removal provision) permits removal of only those class actions based on state law, described in § 77p(b) (the preclusion provision), and because he does not allege any state law claims, the removal bar in § 77v(a) (the jurisdictional provision) prohibits removal of the action.

It appears clear that § 77p(b) precludes both state and federal courts from hearing securities class actions based on state law.  Section 77p(c), which provides a narrow exception to the general antiremoval rule, applies only to actions described in § 77p(b)

6

1    (as it provides that removable actions shall be "subject to subsection (b)").  The most

2    logical way of reading these provisions is that only covered class actions based on state

3    law can be removed to federal court, and only for the purpose of dismissing the

4    precluded state law claims as required by § 77p(b).  The court finds nothing in the statute

5    indicating that SLUSA created any other basis for removal beyond the narrow exception

6    described above – to allow federal courts to dismiss precluded state law class actions.

7    See City of Warren Police and Fire Ret. Sys. v. Revance Therapeutics, Inc., __ F.Supp.

8    3d __, 2015 WL 5117631 at *2-3 (N.D. Cal. Aug. 31, 2015).

9        This interpretation reflects the increasing majority view among the district courts

10   within the Ninth Circuit.  See, e.g., Liu v. Xoom Corp., 2015 WL 3920074 (N.D. Cal. June

11   25, 2015); Pacific Inv. Mgmt. Co. LLC v. American Int'l Group, Inc., 2015 WL 3631833

12   (C.D. Cal. June 10, 2015); Plymouth Cnty Ret. Sys. v. Model N., Inc., 2015 WL 65110

13   (N.D. Cal. Jan. 5, 2015); Rajasekaran v. CytRx Corp., 2014 WL 4330787 (C.D. Cal. Aug.

14   21, 2014); Desmarais v. Johnson, 2013 WL 5735154 (N.D. Cal. Oct. 22, 2013); Toth v.

15   Envivo, Inc., 2013 WL 5596965 (N.D. Cal. Oct.11, 2013); Reyes v. Zynga Inc., 2013 WL

16   5529754 (N.D. Cal. Jan. 23, 2013), Young v. Pac. Bioscis. of Cal., Inc., 2012 WL 851509

17   (N.D. Cal. Mar. 13, 2012); W. Va. Laborers Tr. Fund v. STEC Inc., 2011 WL 6156945

18   (C.D. Cal. Oct. 7, 2011); W. Palm Beach Police Pension Fund v. Cardionet, Inc., 2011

19   WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011).

20       Dicta from the U.S. Supreme Court and the Ninth Circuit further support this

21   interpretation.  In Kircher, the Supreme Court considered whether a decision to remand a

22   case removed under SLUSA is appealable despite 28 U.S.C. § 1447(d)'s mandate that

23   "[a]n order remanding a case to the State court from which it was removed is not

24   reviewable," except in certain limited circumstances.  Id., 547 U.S. at 640.  In ruling that

25   such orders may not be appealed, the Court endorsed a reading of the § 77p(c)

26   exception to antiremoval provision that is in line with the position taken by plaintiff herein.

27       Indeed, the Court interpreted the "authorization for the removal in [§ 77p(c)], on

28   which the District Court's jurisdiction depends, as confined to cases 'set forth in

United States District Court
Northern District of California

7

1   subsection (b).'"  Id. at 642; see also id. at 643-44 ("removal jurisdiction under subsection

2   (c) is understood to be restricted to precluded actions defined by subsection (b)" . . . . "If

3   the action is precluded [under § 77p(b)], neither the district court nor the state court may

4   entertain it, and the proper course is to dismiss").  "If," however, "the action is not

5   precluded" because it is not "based upon the statutory or common law of any State," 15

6   U.S.C. § 77p(b), then "the proper course is to remand to the state court that can deal with

7   it."  Id. at 644.  While the Court's interpretation of § 77p(c) is dicta, this court joins other

8   courts that find it persuasive under the circumstances presented here.  See, e.g., Liu,

9   2015 WL 3920074 at *4; Plymouth Cnty, 2015 WL 65110 at *3; Rajasekaran, 2014 WL

10  4330787, at *4.

11       In Madden v. Cowen & Co., 576 F.3d 957 (9th Cir. 2009), the Ninth Circuit

12  considered whether the plaintiff's complaint was "precluded by § 77p(b) of SLUSA."  Id. at

13  965.  Before addressing that question, the court analyzed the relationship between

14  section 77p(b) and section 77p(c):

15       To prevent actions precluded by SLUSA from being litigated in state court,
         SLUSA authorizes defendants to remove such actions to federal court,
16       effectively ensuring that federal courts will have the opportunity to determine
         whether a state action is precluded. As the Supreme Court has explained,
17       any suit removable under SLUSA's removal provision, § 77p(c), is
         precluded under SLUSA's preclusion provision, § 77p(b), and any suit not
18       precluded is not removable.

19  Id. at 964-65 (footnote omitted) (citing Kircher, 547 U.S. at 644).  The court added that if

20  a federal court finds that an action is not precluded, "it 'has no jurisdiction to touch the

21  case on the merits, and the proper course is to remand to the state court that can deal

22  with it.'"  Id. at 965 (quoting Kircher, 547 U.S. at 644).

23       Similarly, in Luther, the Ninth Circuit emphasized that section 77v(a)'s antiremoval

24  provision "strictly forbids the removal of cases brought in state court and asserting claims

25  under the [Securities] Act."  Id. 533 F.3d at 1034.  Thus, "by virtue of [section 77v(a)]," the

26  plaintiff's "state court class action alleging only violations of the Securities Act of 1933

27  was not removable."  Id.

28       Defendants rely heavily on the decision in Knox v. Agria Corp., 613 F.Supp. 2d

8

419 (S.D.N.Y. 2009), where the district court held that no state court had subject matter jurisdiction over "covered class actions" raising 1933 Act claims, and that it  therefore did not need to address the scope of the exception to the antiremoval provision in § 77v(a). See id. at 422-23.  The court acknowledged that under § 77v(a), state and federal courts have concurrent jurisdiction over 1933 Act claims "except as provided in [§ 77p] with respect to covered class actions,'" and that § 77p includes § 77p(b) and § 77p(c), but concluded that it did not need to consider those subdivisions because they dealt exclusively with state law claims and did not touch on suits brought under the 1933 Act. Id. at 423-24.  As a result, the court focused only on the definitional provision in § 77p(f).  Id. at 424.

The court agrees with plaintiff that the decision in Knox is unpersuasive, because § 77v(a) refers to all of § 77p, and not just to § 77p(f)'s definition of "covered class actions," while the Knox court isolated § 77p(f)'s definition of "covered class action" from the rest of § 77p.  Because the phrase "except as provided in section 77p of this title with respect to covered class actions" limits the concurrent jurisdiction of state courts, this court looks to the subsections that fulfill the function of limiting state court jurisdiction.

In the second main argument, plaintiff contends that SLUSA's legislative history emphasizes that the purpose of the SLUSA amendments is to "limit the conduct of securities class actions under state law" or to preempt "securities fraud class actions brought under state law," and that it nowhere indicates that stand-alone 1933 Act claims are removable.  Plaintiff does not clearly explain how this legislative history supports his argument that a suit alleging only federal claims under the 1933 Act is not removable.  He does assert, however that if Congress had intended to eliminate the concurrent jurisdiction and antiremoval provisions of the 1933 Act, it would have done so explicitly (as other courts have noted).  He contends that because Congress did not do that, and instead kept the concurrent jurisdiction and antiremoval language in the 1933 Act, it would not be proper for the court to simply find that that language is superfluous.

In opposition, defendants argue that their statutory interpretation is supported by

1   the stated purposes of SLUSA.  Defendants agree that SLUSA's purpose was to preempt

2   state law claims involving allegations of fraud or falsity related to nationally-traded

3   securities, but contend that that was not its only purpose, and that in any event, such a

4   purpose could have been accomplished by § 77p alone, without any amendment to

5   § 77v(a)'s jurisdictional provision.  They claim that plaintiff's citation to legislative history

6   ignores SLUSA's amendments to § 77v(a).

7          Defendants cite other excerpts from the legislative history, including a statement in

8   H.R. Conf. Rep. No. 105-803 (1998) ("[SLUSA] makes Federal court the exclusive venue

9   for most securities class action lawsuits.  The purpose of this title is to prevent plaintiffs

10  from seeking to evade the protections that Federal law provides against abusive litigation

11  by filing suit in State, rather than in Federal, court."); a statement by Rep. Bliley, reported

12  in 144 Cong. Rec. H11019-01 (Oct. 13, 1998) ("The premise of this legislation is simple:

13  lawsuits alleging violations that involve securities that are offered nationally belong to

14  Federal court."); and a statement by Sen. Feinstein, reported in 144 Cong. Rec. S4778-

15  03 (May 13, 1998) ("[T]he legislation would provide for shifting of securities lawsuits filed

16  in state court into the more appropriate federal court.").

17         The cited legislative history is simply too generalized to provide any useful

18  guidance or assistance, although if anything, the legislative history cited by defendants

19  appears to support plaintiff's claim that the purpose of the SLUSA amendments was to

20  preclude class actions filed in state court alleging violation of state securities laws.

21  Courts look to legislative history to help interpret statutory language when that language

22  is unclear.  Heppner v. Alyska Pipeline Service Co., 665 F.2d 868, 871 (9th Cir. 1981).

23  Here, the language seems clear enough, but the practical application of the three SLUSA

24  provisions at issue is somewhat difficult to determine.  The court is not persuaded that

25  any of the cited legislative history provides a more satisfactory interpretation of the effect

26  of the SLUSA amendments than does a close and careful reading of the statute, as the

27  court has attempted here.

28         The Ninth Circuit has cautioned that, in situations where there are doubts as to

United States District Court
Northern District of California

1  whether federal jurisdiction exists, those doubts must be "resolved against removability."

2  See Toth, 2013 WL 5596965 at *2 (quoting Luther, 533 F.3d at 1034).  Given the lack of

3  clear authority from the Supreme Court or the Ninth Circuit (or any Circuit) on this issue,

4  and in view of the split among the district courts (as well as the recent trend to denial of

5  removability, especially by the judges in this district), the court finds that remand is

6  appropriate here.

7       Because plaintiff's federal claims do not constitute a covered class action "as set

8  forth in [15 U.S.C. § 77p] subsection (b)," which applies only to state law claims alleging

9  fraud, the action is not removable to federal court under 15 U.S.C. § 77p(c).

10                                **CONCLUSION**

11       In accordance with the foregoing, the court finds that the motion must the

12  GRANTED, and that the case must be REMANDED to the San Mateo County Superior

13  Court.  Because the court remands the case for lack of subject matter jurisdiction, the

14  motion to transfer is denied as moot.

15

16  **IT IS SO ORDERED.**

17  Dated:   October 21, 2015

18                                          _____

19                                          PHYLLIS J. HAMILTON
                                            United States District Judge

20

21

22

23

24

25

26

27

28