UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR V. CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAD DICKERSON, et al.,<br><br>    Defendants. | Case No. 15-cv-3825-PJH<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff's motion to remand the above-entitled action and defendants' motion to transfer the case for the convenience of parties and witnesses came on for hearing before this court on September 30, 2015. Plaintiff appeared by his counsel Thomas McKenna, and defendants appeared by their counsel Judson Lobdell, Jim Kreissman, and Stephen Blake. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to remand and denies the motion to transfer as moot.

Plaintiff Arthur V. Cervantes filed this proposed class action in the Superior Court of California, County of San Mateo, on July 21, 2015, alleging claims under the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq. ("Securities Act" or "1933 Act"). Named as defendants are Etsy, Inc. ("Etsy"); Chad Dickerson, Etsy's Chief Executive Officer and Chairman of the Board; Kristina Salen, Etsy's Chief Financial Officer; James W. Breyer, M. Michele Burns, Jonathan D. Klein, and Fred Wilson, all of whom are directors of Etsy; and Goldman, Sachs & Co., Morgan Stanley & Co., Allen & Company LLC, Loop Capital Markets LLC, and The Williams Capital Group L.P., all of which served as underwriters to

1  Etsy in connection with its initial public offering ("IPO").

2  Defendants removed the case on August 20, 2015, alleging jurisdiction under
3  § 22(a) of the Securities Act, 15 U.S.C. § 77v(a).  Also on August 20, 2015, defendants
4  filed a motion pursuant to 28 U.S.C. § 1404(a) seeking transfer of venue to the Eastern
5  District of New York.  On August 26, 2015, plaintiff filed a motion to remand, asserting
6  that this court lacks subject matter jurisdiction, and that the removal was therefore
7  improper.

8  Plaintiff argues that the court should adjudicate the motion to remand first, while
9  defendants contend that the court should adjudicate the motion to transfer first.  Although
10 a decision regarding whether to transfer a case or dismiss for forum non conveniens is
11 not a decision on the merits, see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549
12 U.S. 422, 435 (2007), the court finds that the better practice generally is to rule on a
13 motion to remand first, where the motion raises questions involving subject matter
14 jurisdiction.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)
15 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function
16 remaining to the court is that of announcing the fact and dismissing the cause.") (citations
17 and quotations omitted); see also Leroy v. Great Western United Corp., 443 U.S. 173,
18 180 (1979) (issues affecting court's subject matter jurisdiction are ordinarily decided
19 before the court determines questions of personal jurisdiction or venue).

## DISCUSSION

A.    Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also 28 U.S.C. § 1331 (district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").

"Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original

1  jurisdiction, may be removed by the defendant or defendants, to the district court of the
2  United States for the district and division embracing the place where such action is
3  pending." 28 U.S.C. § 1441.  A removed action must be remanded to state court if the
4  federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

There is a "strong presumption" against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Doubts as to removability are resolved in favor of remanding the case to state court.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  But "a plaintiff seeking remand [on the basis of an express exception to removal jurisdiction] has the burden to prove that an express exception to removal exists." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

B.   The Securities Act Of 1933 and SLUSA

The dispute at the center of this motion – whether removal was proper – arises from the amendments to the Securities Act effected through the 1998 enactment of the Securities Litigation Uniform Standards Act ("SLUSA").  This issue has generated a split among district courts, with a growing majority ruling in favor of the position argued by the plaintiff herein.

Congress enacted SLUSA because it had discovered that plaintiffs were evading the reforms of the Private Securities Litigation Reform Act of 1995, 109 Stat. 737, by bringing securities class actions under state law, often in state court.  See Kircher v. Putnam Funds Tr., 547 U.S. 633, 636 (2006).  SLUSA sought to "prevent state laws from being used to frustrate the operation and goals of the [PSLRA]."  S. Rep. No. 105-192 at 2 (1998).

SLUSA amended, in relevant part, the jurisdictional and antiremoval provisions of the Securities Act, which, before SLUSA, would have barred removal of this case.  Before 1998, the jurisdictional provision of the Securities Act granted concurrent jurisdiction over

Securities Act claims to both state and federal courts.  It provided that  "[t]he district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." 15 U.S.C. § 77v(a) (1997).  The antiremoval provision stated, "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  Id.

SLUSA amended § 77v(a) by adding the following italicized language:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (italics added).

Section 77p defines "covered class action" as meaning "any single lawsuit in which . . .  damages are sought on behalf of more than 50 persons or prospective class members, . . . [or] one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated."  15 U.S.C. § 77p(f)(2)(A)(i).  Section 77p(c), which was also added by SLUSA, is titled "Removal of covered class actions," and states, "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)."  15 U.S.C. § 77p(c).

Section 77p(b) (another SLUSA addition), in turn, is titled "Class action limitations" and describes certain class actions that are now completely precluded under the Securities Act:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –

4

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

C.   Plaintiff's Motion

In the notice of removal, defendants assert that this case is "within the original jurisdiction of this [c]ourt under 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a) because it includes claims arising under the laws of the United States" – specifically, claims "arising under Sections 11 and 15 of the Securities Act of 1933." Notice of Removal ¶ 9. Courts are divided, however, as to whether Congress intended by enacting SLUSA to eliminate states' concurrent jurisdiction over 1933 Act claims entirely, or whether its goal was simply to eliminate certain securities class actions brought under state law.

In the present motion, the parties dispute whether the SLUSA provisions cited above, taken together, constitute an "express" exception to removal jurisdiction, with the effect of prohibiting the removal of securities fraud class actions like the present one that bring claims only under the federal Securities Act and not under state law.

Plaintiff makes three main arguments – that the plain language of the 1933 Securities Act prohibits removal of state court actions alleging only federal claims under the 1933 Act; that SLUSA's legislative history shows that Congress intended to make only state law claims removable, not stand-alone 1933 Act claims; and that the action should be remanded because defendants concede there is doubt about the propriety of the removal, and removal statutes are strictly construed against removal with any doubt resolved against removability.

In the first main argument, plaintiff asserts that removal was improper because this case does not fit within the § 77p(c) exception to the Securities Act's antiremoval provision. Plaintiff asserts that the § 77p(c) exception applies only to "covered class action[s] . . . as set forth in subsection (b)" (citing Kircher, 547 U.S. at 642-43), and that

5

1  § 77p(b), in turn, applies only to "class action[s] based upon the statutory or common law
2  of any State."  Thus, plaintiff asserts, because he brings only Securities Act claims, not
3  state law claims, removal of the action is barred by the antiremoval provision in § 77v(a).

4  In opposition, defendants contend that the "except as provided" clause in § 77v(a)
5  stripped state courts of jurisdiction over "covered class actions" such as this one arising
6  under the Securities Act.  They also argue that the antiremoval clause of § 77v(a) does
7  not apply because that statute bars removal of an action originally brought in a "State
8  court of competent jurisdiction," which they claim refers to a state court with subject
9  matter jurisdiction.  They assert that SLUSA stripped state courts of subject matter
10 jurisdiction in this area, and that the San Mateo Superior Court is therefore not a "State
11 court of competent jurisdiction" for this action to have been filed there in the first place.

12 Defendants contend that plaintiff's interpretation would render SLUSA's
13 amendment to § 77v(a)'s jurisdictional provision meaningless.  They argue that § 77v(a)
14 addresses jurisdiction and removability of claims under the Securities Act, not state-law
15 claims, and that if Congress had wanted to limit removal jurisdiction only to claims based
16 on state law, no amendments to § 77v(a) would have been necessary.  They argue that
17 because § 77v(a) deals only with Securities Act claims – not state law claims – § 77p(b)
18 and § 77p(c) are irrelevant to this analysis because they address only state law claims.

19 Taken together, the statutory provisions at issue here – § 77v(a) (the jurisdictional
20 provision), § 77p(c) (the removal provision) and § 77p(b) (the preclusion provision) –
21 cannot be described as a model of clarity, but the court finds plaintiff's interpretation to be
22 more persuasive.  In plaintiff's view, § 77p(c) (the removal provision) permits removal of
23 only those class actions based on state law, described in § 77p(b) (the preclusion
24 provision), and because he does not allege any state law claims, the removal bar in
25 § 77v(a) (the jurisdictional provision) prohibits removal of the action.

26 It appears clear that § 77p(b) precludes both state and federal courts from hearing
27 securities class actions based on state law.  Section 77p(c), which provides a narrow
28 exception to the general antiremoval rule, applies only to actions described in § 77p(b)

1  (as it provides that removable actions shall be "subject to subsection (b)").  The most
2  logical way of reading these provisions is that only covered class actions based on state
3  law can be removed to federal court, and only for the purpose of dismissing the
4  precluded state law claims as required by § 77p(b).  The court finds nothing in the statute
5  indicating that SLUSA created any other basis for removal beyond the narrow exception
6  described above – to allow federal courts to dismiss precluded state law class actions.
7  See City of Warren Police and Fire Ret. Sys. v. Revance Therapeutics, Inc., __ F.Supp.
8  3d __, 2015 WL 5117631 at *2-3 (N.D. Cal. Aug. 31, 2015).

9  This interpretation reflects the increasing majority view among the district courts
10  within the Ninth Circuit.  See, e.g., Liu v. Xoom Corp., 2015 WL 3920074 (N.D. Cal. June
11  25, 2015); Pacific Inv. Mgmt. Co. LLC v. American Int'l Group, Inc., 2015 WL 3631833
12  (C.D. Cal. June 10, 2015); Plymouth Cnty Ret. Sys. v. Model N., Inc., 2015 WL 65110
13  (N.D. Cal. Jan. 5, 2015); Rajasekaran v. CytRx Corp., 2014 WL 4330787 (C.D. Cal. Aug.
14  21, 2014); Desmarais v. Johnson, 2013 WL 5735154 (N.D. Cal. Oct. 22, 2013); Toth v.
15  Envivo, Inc., 2013 WL 5596965 (N.D. Cal. Oct.11, 2013); Reyes v. Zynga Inc., 2013 WL
16  5529754 (N.D. Cal. Jan. 23, 2013), Young v. Pac. Bioscis. of Cal., Inc., 2012 WL 851509
17  (N.D. Cal. Mar. 13, 2012); W. Va. Laborers Tr. Fund v. STEC Inc., 2011 WL 6156945
18  (C.D. Cal. Oct. 7, 2011); W. Palm Beach Police Pension Fund v. Cardionet, Inc., 2011
19  WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011).

20  Dicta from the U.S. Supreme Court and the Ninth Circuit further support this
21  interpretation.  In Kircher, the Supreme Court considered whether a decision to remand a
22  case removed under SLUSA is appealable despite 28 U.S.C. § 1447(d)'s mandate that
23  "[a]n order remanding a case to the State court from which it was removed is not
24  reviewable," except in certain limited circumstances.  Id., 547 U.S. at 640.  In ruling that
25  such orders may not be appealed, the Court endorsed a reading of the § 77p(c)
26  exception to antiremoval provision that is in line with the position taken by plaintiff herein.

27  Indeed, the Court interpreted the "authorization for the removal in [§ 77p(c)], on
28  which the District Court's jurisdiction depends, as confined to cases 'set forth in

7

subsection (b).'" Id. at 642; see also id. at 643-44 ("removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b)" . . . . "If the action is precluded [under § 77p(b)], neither the district court nor the state court may entertain it, and the proper course is to dismiss"). "If," however, "the action is not precluded" because it is not "based upon the statutory or common law of any State," 15 U.S.C. § 77p(b), then "the proper course is to remand to the state court that can deal with it." Id. at 644. While the Court's interpretation of § 77p(c) is dicta, this court joins other courts that find it persuasive under the circumstances presented here. See, e.g., Liu, 2015 WL 3920074 at *4; Plymouth Cnty, 2015 WL 65110 at *3; Rajasekaran, 2014 WL 4330787, at *4.

In Madden v. Cowen & Co., 576 F.3d 957 (9th Cir. 2009), the Ninth Circuit considered whether the plaintiff's complaint was "precluded by § 77p(b) of SLUSA." Id. at 965. Before addressing that question, the court analyzed the relationship between section 77p(b) and section 77p(c):

> To prevent actions precluded by SLUSA from being litigated in state court, SLUSA authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded. As the Supreme Court has explained, any suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable.

Id. at 964-65 (footnote omitted) (citing Kircher, 547 U.S. at 644). The court added that if a federal court finds that an action is not precluded, "it 'has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.'" Id. at 965 (quoting Kircher, 547 U.S. at 644).

Similarly, in Luther, the Ninth Circuit emphasized that section 77v(a)'s antiremoval provision "strictly forbids the removal of cases brought in state court and asserting claims under the [Securities] Act." Id. 533 F.3d at 1034. Thus, "by virtue of [section 77v(a)]," the plaintiff's "state court class action alleging only violations of the Securities Act of 1933 was not removable." Id.

Defendants rely heavily on the decision in Knox v. Agria Corp., 613 F.Supp. 2d

8

1  419 (S.D.N.Y. 2009), where the district court held that no state court had subject matter

2  jurisdiction over "covered class actions" raising 1933 Act claims, and that it therefore did

3  not need to address the scope of the exception to the antiremoval provision in § 77v(a).

4  See id. at 422-23.  The court acknowledged that under § 77v(a), state and federal courts

5  have concurrent jurisdiction over 1933 Act claims "except as provided in [§ 77p] with

6  respect to covered class actions,'" and that § 77p includes § 77p(b) and § 77p(c), but

7  concluded that it did not need to consider those subdivisions because they dealt

8  exclusively with state law claims and did not touch on suits brought under the 1933 Act.

9  Id. at 423-24.  As a result, the court focused only on the definitional provision in

10 § 77p(f).  Id. at 424.

11      The court agrees with plaintiff that the decision in Knox is unpersuasive, because

12 § 77v(a) refers to all of § 77p, and not just to § 77p(f)'s definition of "covered class

13 actions," while the Knox court isolated § 77p(f)'s definition of "covered class action" from

14 the rest of § 77p.  Because the phrase "except as provided in section 77p of this title with

15 respect to covered class actions" limits the concurrent jurisdiction of state courts, this

16 court looks to the subsections that fulfill the function of limiting state court jurisdiction.

17      In the second main argument, plaintiff contends that SLUSA's legislative history

18 emphasizes that the purpose of the SLUSA amendments is to "limit the conduct of

19 securities class actions under state law" or to preempt "securities fraud class actions

20 brought under state law," and that it nowhere indicates that stand-alone 1933 Act claims

21 are removable.  Plaintiff does not clearly explain how this legislative history supports his

22 argument that a suit alleging only federal claims under the 1933 Act is not removable.  He

23 does assert, however that if Congress had intended to eliminate the concurrent

24 jurisdiction and antiremoval provisions of the 1933 Act, it would have done so explicitly

25 (as other courts have noted).  He contends that because Congress did not do that, and

26 instead kept the concurrent jurisdiction and antiremoval language in the 1933 Act, it

27 would not be proper for the court to simply find that that language is superfluous.

28      In opposition, defendants argue that their statutory interpretation is supported by

the stated purposes of SLUSA. Defendants agree that SLUSA's purpose was to preempt state law claims involving allegations of fraud or falsity related to nationally-traded securities, but contend that that was not its only purpose, and that in any event, such a purpose could have been accomplished by § 77p alone, without any amendment to § 77v(a)'s jurisdictional provision. They claim that plaintiff's citation to legislative history ignores SLUSA's amendments to § 77v(a).

Defendants cite other excerpts from the legislative history, including a statement in H.R. Conf. Rep. No. 105-803 (1998) ("[SLUSA] makes Federal court the exclusive venue for most securities class action lawsuits. The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."); a statement by Rep. Bliley, reported in 144 Cong. Rec. H11019-01 (Oct. 13, 1998) ("The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court."); and a statement by Sen. Feinstein, reported in 144 Cong. Rec. S4778-03 (May 13, 1998) ("[T]he legislation would provide for shifting of securities lawsuits filed in state court into the more appropriate federal court.").

The cited legislative history is simply too generalized to provide any useful guidance or assistance, although if anything, the legislative history cited by defendants appears to support plaintiff's claim that the purpose of the SLUSA amendments was to preclude class actions filed in state court alleging violation of state securities laws. Courts look to legislative history to help interpret statutory language when that language is unclear. Heppner v. Alyska Pipeline Service Co., 665 F.2d 868, 871 (9th Cir. 1981). Here, the language seems clear enough, but the practical application of the three SLUSA provisions at issue is somewhat difficult to determine. The court is not persuaded that any of the cited legislative history provides a more satisfactory interpretation of the effect of the SLUSA amendments than does a close and careful reading of the statute, as the court has attempted here.

The Ninth Circuit has cautioned that, in situations where there are doubts as to

whether federal jurisdiction exists, those doubts must be "resolved against removability." See Toth, 2013 WL 5596965 at *2 (quoting Luther, 533 F.3d at 1034). Given the lack of clear authority from the Supreme Court or the Ninth Circuit (or any Circuit) on this issue, and in view of the split among the district courts (as well as the recent trend to denial of removability, especially by the judges in this district), the court finds that remand is appropriate here.

Because plaintiff's federal claims do not constitute a covered class action "as set forth in [15 U.S.C. § 77p] subsection (b)," which applies only to state law claims alleging fraud, the action is not removable to federal court under 15 U.S.C. § 77p(c).

## CONCLUSION

In accordance with the foregoing, the court finds that the motion must the GRANTED, and that the case must be REMANDED to the San Mateo County Superior Court. Because the court remands the case for lack of subject matter jurisdiction, the motion to transfer is denied as moot.

**IT IS SO ORDERED.**

Dated:   October 21, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge